**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Walter E. SKIBA, Defendant-Appellant.**

**No. 12699.**

United States Court of Appeals
Seventh Circuit.

Nov. 12, 1959.

Joseph T. Helling, South Bend, Ind., for appellant.

Kenneth C. Raub, U. S. Atty., Charles R. LeMaster, Asst. U. S. Atty., Fort Wayne, Ind., Hugh A. Henry, Jr., Asst. U. S. Atty., South Bend, Ind., for appellee.

Before SCHNACKENBERG, KNOCH and CASTLE, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Walter E. Skiba, defendant, was indicted for the robbery of a bank at Bristol, Indiana, allegedly insured by the Federal Deposit Insurance Corporation. Upon a trial before a jury, defendant was convicted and sentenced to imprisonment for a period of twenty years, pursuant to 18 U.S.C.A. § 2113(a). He has appealed.

We quote from a brief of defendant's counsel:

"The errors relied on arise out of the ruling of the Court in permitting the witness, Kirkdorffer, the Assistant Cashier of the Bank, to testify over the defendant's objection, that Government's Exhibit 2 was a certificate under which the Bank was operating on the date of the robbery; the ruling of the Court in permitting Government's Exhibit 2, consisting of a Federal Deposit Insurance Corporation certificate, to be admitted in evidence over the defendant's objection; and the failure of the Court to grant the defendant's motions for judgment of acquittal made at the close of the Government's case and at the close of all of the evidence."

To support the allegation in the indictment that the bank where the alleged

robbéry took place was insured under Federal Deposit Insurance Corporation, Harold M. Kirkdorffer, assistant cashier of the bank, testified that it was operating under said exhibit 2, which reads as follows:

## FEDERAL DEPOSIT INSURANCE CORPORATION WASHINGTON D. C.

No. 13676

Attest: E. F. Downey

Secretary

Hereby certifies that pursuant to the Federal Deposit Insurance Act of the Congress of the United States each depositor is provided maximum deposit insurance of $10,000 in

### CITIZENS STATE BANK OF BRISTOL BRISTOL, INDIANA[1]

In testimony whereof, witness my signature and the seal of the Corporation this 21st day of September, 1950.

Mabel T. Harl

Chairman of the Board of Directors

---

By subsequent motions defendant sought a judgment of acquittal "on the ground that the prosecution had failed to establish that the bank involved was an insured bank of the Federal Deposit Insurance Corporation."

Federal Deposit Insurance Corporation was created by an act of Congress, 12 U.S.C.A. § 1811, and was thereby directed to insure the deposits of all banks entitled to the benefits of said insurance.

§ 1819 of said act provides, *inter alia*:

" * * * the Corporation shall become a body corporate and as such shall have power—

First. To adopt and use a corporate seal."

and

" * * * exercise by its Board of Directors, or duly authorized officers or agents, * * * such incidental powers as shall be necessary to carry out the powers so granted."

In Wynne v. United States, 217 U.S. 234, 30 S.Ct. 447, 54 L.Ed. 748, the question arose as to the competency of certain evidence relied upon to establish the national character of a vessel, upon which a murder had been committed, in the harbor of Honolulu, Territory of Hawaii. A certificate of enrollment, purporting to have been issued at San Francisco by one Coey, "acting deputy collector of customs," initialed "W," and signed by E. W. Marlin, deputy naval officer, as re-

---

1. The foregoing wording is in part superimposed upon an enlarged background reproduction of the seal referred to in note [2].

2. This seal is impressed upon a gold circular sticker pasted onto the certificate. The shield in the seal contains a key, a scale and other objects not fully reproduced here.

quired by § 4332, Rev.Stat., 46 U.S.C.A. § 274, which recited that the vessel was solely owned by the National Oil and Transportation Company, a corporation organized under the laws of California, was introduced for the purpose of establishing that the vessel was of American nationality. The principal objection was that this certificate was not the original, but a copy not sufficiently authenticated. It appeared to be authenticated as a true copy by "N. .S Farley, Deputy Collector of Customs. W." [Seal] At page 246 of 217 U.S., at page 450 of 30 S.Ct., the court said:

"The appointment of deputy collectors is provided for by §§ 2630, 2633, Rev.Stat. [19 U.S.C.A. §§ 10, 37] By § 882, Rev.Stat., [28 U.S.C.A. § 1733] copies of any papers or documents, in any of the executive departments, under the seal of the proper department, are made admissible in evidence equally with the original.

"There was no evidence whatever casting suspicion upon the genuineness of the copy or of the seal or the signature of Farley, and none which challenged in any way the American character of the ship. Under such circumstances and for the purposes of this case it was not error to assume that the document was genuinely executed by Farley, that he was what he claimed to be, a deputy collector of customs, and that his signature had been signed by himself or one authorized to sign for him. 3 Wigmore Ev. § 2161."

In the case at bar we are dealing with an exhibit which purports on its face to be an original, not a copy. There is no evidence in the record casting suspicion upon the genuineness of the exhibit or of the seal of the Corporation, or the signatures of either the chairman of the board of directors or the secretary, of the Corporation. Neither is there any evidence challenging the testimony of Kirkdorffer that the Bank of Bristol was operating as a bank insured by the Corporation. Therefore, to paraphrase the language of the Wynne opinion, under such circumstances and for the purpose of this case it was not error to assume that exhibit 2 was genuinely executed by the officers purporting to act for the Corporation, that they were what they claimed to be, and that their signatures had been signed by them respectively. We find no error in the action of the district court in reference to this matter. It would not have been justified in granting defendant's motion for acquittal because of the introduction of exhibit 2. He was not deprived of due process of law.

The judgment of the district court will be affirmed.

In this court, attorney Joseph T. Helling represented defendant without compensation for his services. Mr. Helling has rendered diligent and able service. The court expresses to him its appreciation therefor.

Affirmed.