**Don B. COOK, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19937.**

United States Court of Appeals
Fifth Circuit.

July 18, 1963.

Rehearing Denied Aug. 29, 1963.

Gordon MacDowell, Dallas, Tex., Don B. Cook, Sugarland, Tex., for appellant.

Leighton Cornett, Asst. U. S. Atty., Tyler, Tex., for appellee.

Before RIVES, JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

The appellant, Don B. Cook, was convicted of robbing the First State Bank of Eustace, Texas, a bank whose deposits were insured by the Federal Deposit Insurance Corporation, 18 U.S.C.A. § 2113. There is no room for doubt as to the robbery of the bank or as to the commission of the offense by the appellant. Although there are other questions raised, the only one of sufficient substance to require consideration is whether there was an absence of proof that the bank was insured at the time of the robbery and such absence of proof requires a reversal of the conviction and sentence.

The Vice President of the bank was a witness for the Government. That portion of his testimony here material is as follows:

"Q. [By Mr. Leighton Cornett, Assistant United States Attorney.] Is your bank insured by the Federal Deposit Insurance Corporation?

"A. It is.

"Q. Or, rather, maybe a more accurate question would be:

"Are the deposits which you have there covered by the Federal Deposit Insurance Corporation?

"A. Yes.

"Mr. Cornett: Pass the witness.

"Mr. Jackson: [Attorney for Appellant] No further questions."

There was no objection to the testimony, there was no motion for a judgment of acquittal, and there was no motion for a new trial. It is urged that the plain error rule should be invoked and we should reverse because of a failure to prove that the bank was insured at the time of the offense. There is applicable here, we conclude, the rule which Wigmore states in this language:

"When the existence of an object, condition, quality, or tendency at a given time is in issue, the prior existence of it is in human experience some indication of its probable persistence or continuance at a later period. * * *

"Similar considerations affect the use of subsequent existence as evidence of existence at the time in issue." 2 Wigmore on Evidence 413, § 437. Cf. F. W. Woolworth Co. v. Seckinger, 5th Cir. 1942, 125 F.2d 97.

The foregoing rule is to be used with caution. This seems, however, to be an appropriate place for its application. We think that the common knowledge of the nearly universal prevalence of the banks

of the United States having their deposits insured by the Federal Deposit Insurance Corporation permits, if it does not require, an inference under the rule stated by Wigmore that the Eustace bank was insured at the time it was unlawfully entered by the appellant. The plain error rule, Rule 52 Fed.R.Crim.Proc., 18 U.S.C.A., is not to be used where substantial rights are not affected. No injustice is apparent here and the appellant has not been deprived of any substantial right.

The judgment of the district court is Affirmed.