John G. AHLSTEDT, Appellant,

v.

UNITED STATES of America,
Appellee.

John LeVAY, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 19554, 19555.

United States Court of Appeals
Fifth Circuit.

Dec. 11, 1963.

Rehearing Denied in No. 19554
Feb. 5, 1964.*

Thomas C. MacDonald, Jr., Tampa, Fla., for appellant Ahlstedt.

Hallard J. Greer, St. Petersburg, Fla., for appellant LeVay.

Thomas J. Hanlon, III, Asst. U. S. Atty., Edward F. Boardman, U. S. Atty., Tampa, Fla., for appellee.

Before CAMERON, and WISDOM, Circuit Judges, and DeVANE, District Judge.

DeVANE, District Judge.

These appeals are from jury verdicts and judgments of the District Court thereon for the Southern District of Florida, Tampa Division.

The trial occupied seven days and appellants were represented by Court appointed counsel. These appeals are in forma pauperis and appellants are represented on the appeals by a second group of Court appointed counsel. The records made at the trial of the appellants in the District Court and the briefs filed on appeal disclose that Court appointed counsel, both in the District Court and in this Court, put forward their best efforts in behalf of appellants.

On December 7, 1960, an indictment was returned in the United States District Court for the Southern District of Florida, Tampa Division, against John G. Ahlstedt, John LeVay, Manuel LeVay and Joseph Philip Patrinostro charging in the first count a conspiracy to rob the International Bank of Tampa commencing on or about November 1, 1955, and in the second count the robbery of said bank on or about March 24, 1956.

---

* Judge DeVane was a member of the Court which decided this case and wrote the opinion filed herein on December 11, 1963. The petition for rehearing has been considered and passed upon by Judges

CAMERON and WISDOM, constituting a majority of the Court which heard the case, Judge DeVANE having died in the meantime.

On arraignment prior to trial Patrinostro pleaded guilty to the first count of the indictment. Upon motions to quash filed by the remaining defendants, the first count of the indictment was dismissed as to them on December 5, 1961, and the cause proceeded to trial on the second count against John G. Ahlstedt, John LeVay and Manuel LeVay.

At the end of the Government's case in chief Manuel LeVay's motion for a judgment of acquittal was granted and at the conclusion of the trial the jury returned verdicts of guilty against John G. Ahlstedt and John LeVay. Motions for new trials were filed on behalf of said defendants and were denied. Defendant Ahlstedt in addition filed his own handwritten motion for a new trial and this was denied as untimely.

The adequacy of proof to sustain the verdict is questioned by Ahlstedt only on one element of the offense, that is proof as to whether the International Bank of Tampa was insured by the Federal Deposit Insurance Corporation on the date of the alleged robbery. LeVay raises an additional point in his defense which was not available to Ahlstedt. The additional ground advanced by LeVay is that the "trial Court erred in not granting his motion for a judgment of acquittal in that the only evidence against defendant LeVay was the uncorroborated testimony of Patrinostro from which reasonable jurymen would necessarily have to have a reasonable doubt as to the guilt of defendant LeVay."

The three assignments of error applicable to both defendants will be first considered, after which the Court will then consider the fourth alleged error raised by LeVay. The first assignment of error made by the defendants is that "the Government failed to establish a jurisdictional element in that it failed to prove beyond and to the exclusion of every reasonable doubt that the International Bank of Tampa was insured by the Federal Deposit Insurance Corporation on the date of the alleged robbery."

The District Court relying upon Skiba v. United States, 271 F.2d 644 (7th Cir. 1959), admitted in evidence the certificate of insurance issued by the Federal Deposit Insurance Corporation to the bank. Defendants concede that the certificate in the Skiba case, supra, was identical to the one involved here but attempt to distinguish the two cases on the quantum of the testimony relating to the insurance coverage by the respective banks.

■ Mr. Bullara, an officer of the bank who was custodian of the records of the bank including the certificate of insurance in question, identified the same and testified that to his knowledge the bank was insured by the Federal Deposit Insurance Corporation. Counsel for defendants argue that the testimony of Bullara was not sufficient; that the Government should have called other officers of the bank to testify as to whether the insurance policy was in effect on the date of the robbery. In our opinion that was entirely unnecessary and the proof submitted was sufficient. Cook v. United States, 320 F.2d 258 (5th Cir. 1963). See also Parsons v. United States, 189 F.2d 252 (5th Cir. 1951); Missouri Pacific Railroad Company v. Austin, 292 F.2d 415 (5th Cir. 1961).

■ The second assignment of error is as follows: The Court erred in failing to afford the defendants access to all the documents and photographs to which they were entitled by virtue of the provisions of the Jencks Statute or the Jencks decision.

As heretofore stated, the International Bank of Tampa was robbed on March 24, 1956. The indictment in this case was returned against the two defendants here involved and others on December 7, 1960.

During the interval between the date of the robbery and the date of the arrest of these defendants, a continuous investigation by the FBI and other Federal Agents concerned was carried on in an effort to discover who committed the robbery. The investigating agents were unsuccessful in making any headway towards the determination of the persons involved in the robbery until after Patrinostro was arrested in connection with

another bank robbery, after which arrest he made a full confession to the FBI as to how the robbery was accomplished and was participated in it. He testified to a conspiracy between himself, the two defendants involved here and Manuel LeVay and the part played by each in carrying out the conspiracy to rob the bank.

During the period of investigation between March 24, 1956, and the date of the arrest of these defendants, the Government investigating agencies interviewed and re-interviewed the employees of the bank who were present in the bank at the time of the robbery and exhibited to them many, many photographs in an effort to have the robbers identified from photographs, but none of the employees identified any person whose photograph was submitted to them for examination. No employee made any written statement to any Government Agent in connection with the robbery prior to the return of the indictment.

The robbery itself was executed by defendant Ahlstedt with the aid and assistance of Patrinostro and Ahlstedt took Patrinostro with him as an apparent hostage when he and Patrinostro completed the robbery and left the bank. John LeVay, serving as a lookout man, was waiting in his automobile just outside the bank and as soon as Ahlstedt and Patrinostro came out of the bank and took off in Patrinostro's automobile, which Patrinostro had parked in front of the bank, John LeVay, who was parked just behind Patrinostro's automobile, took off right behind them and followed them to an agreed point of meeting after the robbery.

When Ahlstedt was brought in person to the bank after his arrest, three employees of the bank identified him as the robber and all three testified to that effect in the trial of the case. When Ahlstedt held up the bank and forced the employees of the bank to remain in or go into the lunch room, he wore a mask, but he removed this mask just before leaving the bank after he and Patrinostro had gathered up the money and were ready to go. The three employees who appeared as witnesses were apparently the only employees who had a good look at Ahlstedt after he had removed the mask just before he left the bank with Patrinostro. They were positive in their identification of him based on the view they had of him at the time of the robbery.

During the trial of the case, Government counsel made available to counsel for defendants many of the photographs exhibited to the bank employees prior to the arrest of the defendants, and informed the Court at the trial of the case that they had no written statements from any employee of the bank and, therefore, produced none. At the conclusion of the Government's case in chief, counsel for defendants moved for the production of all documents and photographs to which they were entitled by virtue of the provisions of the Jencks Statute and the Jencks decision.

As stated above, no witness testified that any statement was signed or otherwise adopted, approved or given. Accordingly, the Government could not comply with this request.

Upon the record in the case, this assignment of error simmers down to the question as to whether or not the failure of the Government to produce every photograph used by any Government agency during the investigation of this case constitutes error. The District Court ruled, and we think correctly, that the Jencks Statute does not apply to miscellaneous photographs. He held that the Jencks decision, Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957), and the Jencks Statute, 18 U.S.Code, Section 3500, did not require the production of the entire investigative files. This ruling is in accordance with the legislative history of the Jencks Statute to be found in 2 U.S.Code, Congressional and Administrative News, pp. 1861, 1862 (1957). See also United States v. Thomas, 282 F.2d 191 (2nd Cir. 1960); Rosenberg v. United States, 360 U.S. 367, 79 S.Ct. 1231, 3 L.Ed.2d 1304 (1959); Killian v. United States, 368 U.S. 231, 82 S.Ct. 302, 7 L.Ed.2d 256 (1961).

We hold that the motion for production was not timely made and was not appropriate and that the lower Court committed no error in denying the motion.

■ The third assignment of error charges that the Court erred in permitting the jury to weigh a patently incorrect statement of law in closing argument by Government counsel.

During the course of final argument of counsel for defendants, they laid great stress on the failure of Government counsel to call as a witness a bank employee, Charlotte Garcia, who was present at the time of the bank robbery and who was compelled by defendant Ahlstedt to go into the lunch room while the robbery was in progress. Government counsel's attempted reply to this argument led to the colloquy between Government counsel and defense counsel which forms the basis of this assignment of error.

The record on its face discloses that while Government counsel was attempting to reply that defense counsel interrupted before the Government counsel had the opportunity to complete his reply. At this point the Court stopped the argument and directed counsel for the Government to proceed along other lines. The Court finds no merit in this assignment of error.

■ John LeVay adds a fourth specification of error not applicable to Ahlstedt as follows:

"The trial Court erred in not granting the defendant LeVay his motion for a judgment of acquittal in that the only evidence against the defendant LeVay was the uncorroborated testimony of Patrinostro, from which reasonable jurymen would necessarily have to have reasonable doubt as to the guilt of the defendant LeVay."

While admitting that there is ample law that a defendant may be convicted in the United States District Court on the uncorroborated testimony of an accomplice, appellant LeVay argues that this is a case where this rule should not be applied. The transcript of testimony reflects repeated corroboration of the witness Patrinostro. Witnesses William Jaszczak, Nancy Robinson, Lawrence Suarez, Joseph B. Hegler, and William Andrew Irvin each corroborated material aspects of Patrinostro's testimony, the sum total of which was sufficient to support the jury's verdict on this issue, and the motion for judgment of acquittal was properly denied by the District Court. McClanahan v. United States, 230 F.2d 919 (5th Cir. 1956) ; Haakinson v. United States, 238 F.2d 775 (8th Cir. 1956) ; Esters v. United States, 260 F.2d 393 (8th Cir. 1958).

This Court holds that the District Court committed no error in its ruling upon each of the assignments of error made in these cases and the judgment of the lower Court is

Affirmed.