**Billy Earl YOUNG, alias Juan Antonio Sanchez, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 25394.

United States Court of Appeals
Fifth Circuit.

Aug. 12, 1968.

---

1.  Carpenter v. Crouse, 10 Cir., 358 F.2d 701; Browning v. Crouse, 10 Cir., 356 F.2d 178.

**690**

Billy Earl Young, pro se.

Bruce B. Greene, Asst. U. S. Atty., Savannah, Ga., for appellee.

Before JOHN R. BROWN, Chief Judge, WISDOM, Circuit Judge and BREWSTER, District Judge.

PER CURIAM:

Billy Earl Young appeals from the denial without a hearing of his motion to vacate his federal conviction, 28 U.S.C. § 2255. We reverse.

Represented by court-appointed counsel, the appellant was convicted upon a plea of guilty of threatening in a writing deposited in the mail to take the life of the President of the United States, in violation of 18 U.S.C. § 871. He was sentenced on January 16, 1967, to serve five years and there was no direct appeal.

 The appellant contends with adequate factual detail that he did not knowingly and understandingly plead guilty. The transcript of the proceedings shows that Rule 11, F.R.Crim.P., was not complied with in that the trial court did not adequately determine whether the plea was made voluntarily. Therefore the case must be remanded for a factual hearing on this issue. Lane v. United States, 5 Cir., 1967, 373 F.2d 570; Rimanich v. United States, 5 Cir., 1966, 357 F.2d 537.

The appellant also contends that he was mentally incompetent at the time the plea of guilty was entered in January, 1967. The § 2255 motion alleges that in 1966 he was committed as criminally insane to a mental institution of the State of Georgia and this allegation is corroborated by a statement made by his attorney at the sentencing proceedings.

We believe that the appellant has alleged enough to require the district court to hold a hearing on the issue of his mental competence to stand trial. Floyd v. United States, 5 Cir., 1966, 365 F.2d 368; Clark v. Beto, 5 Cir., 1966, 359 F.2d 554, cert. denied 386 U.S. 927, 87 S.Ct. 875, 17 L.Ed.2d 799; Johnson v. United States, 5 Cir., 1965, 344 F.2d 401; Gregori v. United States, 5 Cir., 1957, 243 F.2d 48.

Reversed and remanded.