**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Alvin Ray HUFF, Defendant-Appellant.**

**No. 26361.**

United States Court of Appeals
Fifth Circuit.

April 2, 1969.

Louis P. Bickel, Dallas, Tex., for appellant.

Melvin M. Diggs, U. S. Atty., B. H. Timmins, Jr., Asst. U. S. Atty., Eldon B. Mahon, U. S. Atty., Dallas, Tex., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Floyd v. Resor, 5 Cir., 1969, 409 F.2d 714, n. 2; Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, n. 12.

Appellant was indicted under 18 U.S.C. § 2113(a) for allegedly committing a bank robbery. Subsequent to his arrest and prior to his trial, appellant moved for a judicial determination of his mental competency to stand trial. The trial judge ordered a mental examination of appellant by a qualified psychiatrist and some five weeks later, on April 15, 1968, after the psychiatrist's report had been received, the trial court held an evidentiary hearing on the question of mental competency, pursuant to 18 U.S.C. § 4244. During the course of the hearing, appellant, through counsel, objected to the hearing being held in the absence of a jury and insisted that he was entitled to a jury trial on the issue of present mental competence. But the court ruled that it was for the trial judge alone to determine whether the defendant was competent to stand trial. Based on the evidence offered at this hearing, the court found that appellant presently was in possession of his mental faculties, that he could rationally comprehend the nature of the charges against him and aid in the conduct of his defense, and that his mental condition was such that he would be able to recall the events in connection with the alleged offense, consult with counsel, and testify at his trial if called upon to do so.

On June 14, 1968, three days before the commencement of his trial, appellant filed a written motion for a two-part or bifurcated jury trial: one on the issue of insanity at the time of the commission of the crime, and the other on the issue of guilt or innocence. Specifically, he moved for the following:

"(a) A separate trial on the merits to first determine guilt or innocence under the indictment, without any mention whatsoever of his mental capacity.

"(b) In the event that the jury hearing this first trial exonerates him, that he be discharged and that no further proceeding be held herein.

"(c) In the event the jury in this first trial convicts him, that in addition to his other rights, he be granted the right to a separate and independent trial *by another jury* to determine his mental capacity." (Emphasis supplied.)

This motion was denied by the trial judge, and the case proceeded to trial. In the course of the trial, appellant did not assert the defense of insanity, contending that to do so would deprive him of a fair trial and violate his privilege against self-incrimination. Indeed, appellant took the stand, out of the presence of the jury, and testified that he was voluntarily waiving his right to urge an insanity defense and relying upon the motion for a bifurcated jury trial. The jury found the appellant guilty, and he was sentenced to fifteen years' imprisonment. Appellant now appeals his conviction, urging that the conviction be reversed and rendered and that he be acquitted, or, alternatively, that his conviction be reversed and the case remanded for a separate jury trial on the question of mental competency to stand trial,

and a separate jury trial to determine his sanity at the time of the commission of the alleged crime.[1]

Section 4244 of Title 18 of the United States Code states, in relevant part, that

"Whenever after arrest and prior to the imposition of sentence * * * the United States Attorney has reasonable cause to believe that a person charged with an offense against the United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, he shall file a motion for a judicial determination of such mental competency of the accused, * * *. Upon such a motion or upon a similar motion in behalf of the accused, or upon its own motion, *the court shall cause the accused, * * * to be examined as to his mental condition * * *. If the report of the psychiatrist indicates a state of present insanity or such mental incompetency in the accused, *the court shall hold a hearing, upon due notice, at which evidence as to the mental condition of the accused may be submitted, * * * and make a finding with respect thereto. * * * A finding by the judge that the accused is mentally competent to stand trial shall in no way prejudice the accused in a plea of insanity as a defense to the crime charged * * *.*" (Emphasis supplied.)

Section 4244 was held constitutional by the Supreme Court in Greenwood v. United States, 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412 (1956). While there is widespread criticism of federal and state commitment practices,[2] this criti-

---

1. Appellant also urges that the trial court erred in admitting into evidence a Federal Deposit Insurance Certificate which allegedly was improperly authenticated. We find no error in the admission of this document. Ahlstedt v. United States, 5 Cir., 1963, 325 F.2d 257; United States v. Skiba, 7 Cir., 1959, 271 F.2d 644. See Cook v. United States, 5 Cir., 1963, 320 F.2d 258.

2. See, e. g., Bennett, Competency to Stand Trial: A Call for Reform, 59 J. of Crim. L. 569 (1968); Oliver, Judicial Hearings to Determine Mental Competency to Stand Trial, 39 F.R.D. 537 (1965); Szasz, Psychiatric Justice (1965); Note, Incompetency to Stand Trial, 81 Harv.L. Rev. 454 (1967).

cism largely is focused on the procedural and substantive rights of a defendant who, unlike appellant, is found mentally incompetent to stand trial. In any event, federal courts have been unanimous in holding that the question of mental competency at the time of trial is for the trial judge and not for the jury.[3] We are obliged to follow the plain meaning of Section 4244 and the overwhelming weight of judicial precedent.

Finally, appellant alleges that the district court also erred in refusing to grant a separate jury trial on his defense of insanity at the time of the commission of the alleged crime. Holmes v. United States, 1966, 124 U.S. App.D.C. 152, 363 F.2d 281, 282. Appellant argues that inherent in a plea of insanity is an admission that the accused in fact committed the crime charged, and that thus, absent a two-part jury trial, the assertion of the plea is self-incriminating and prevents a fair trial on the other issues relating to guilt. See Holmes v. United States, supra; Simon, The Jury and the Defense of Insanity, pp. 144–160 (1967). Cf. Weintraub, Insanity as a Defense, A Panel Discussion, 37 F.R.D. 365, 369 et seq. (1964).

■■ We note that although the defense of insanity may be collaterally inconsistent with other defenses, this does not mean that separate jury trials are required. Bell v. Patterson, D.Colo., 1968, 279 F.Supp. 760, 767. Insanity is a defense on the merits which relates to the accused's criminal intent, and if the accused prevails on this issue, he must be acquitted. Blake v. United States, 5 Cir., 1969, 407 F.2d 908, n. 2 (en banc). Compare Weintraub, Insanity as a Defense, A Panel Discussion, 37 F.R.D. 365, 369 et seq. (1964).

■■ As the Supreme Court stated in Spencer v. State of Texas, 385 U.S. 554, 567–568, 87 S.Ct. 648, 655–656, 17 L.Ed.2d 606 (1967), in an analogous context,

"To say that the two-stage jury trial in the English-Connecticut style is probably the fairest, as some commentators and courts have suggested, and with which we might well agree were the matter before us in a legislative or rule-making context, is a far cry from a constitutional determination that this method of handling the problem is compelled by the Fourteenth Amendment. Two-part jury trials are rare in our jurisprudence; they have never been compelled by this Court as a matter of constitutional law, or even as a matter of federal procedure."

See also United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968); Bell v. Patterson, supra. We know of no constitutional or statutory provision which requires the trial judge to hold a two-part jury trial on the issues of guilt or innocence and mental incompetency at the time of the commission of the alleged crime. Nor do the facts here compel such a two-part jury trial. The district court, therefore, was correct in denying appellant's request. To rule otherwise would under the circumstances presented here have resulted in unnecessary duplication and deny the Government's valid and substantial interest in expeditiously prosecuting offenses against the laws of the United States. See Bell v. Patterson, 279 F.Supp. at 767.

Affirmed.

---

3. United States v. Davis, 6 Cir., 1966, 365 F.2d 251, 256; Higgins v. United States, 9 Cir., 1953, 205 F.2d 650, 653; Lyles v. United States, 1957, 103 U.S.App.D.C. 22, 254 F.2d 725, 730; United States v. Levy, N.D.Fla., 1964, 232 F.Supp. 661, 663. See Blake v. United States, 5 Cir., 1969, 407 F.2d 908 No. 23945 (en banc); Young v. United States, 5 Cir., 1968, 399 F.2d 689.