Thomas H. WASHINGTON, Jr.,
Appellant,

v.

UNITED STATES of America,
Appellee.

No. 21451.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 21, 1969.

Decided June 9, 1969.

Mr. George H. Cohen, Washington, D. C. (appointed by this court) for appellant.

Mr. Robert S. Blank, Asst. U. S. Atty., of the bar of the Supreme Court of Pennsylvania, *pro hac vice*, by special leave of court, with whom Messrs. David G. Bress, U. S. Atty. at the time the brief was filed, and Frank Q. Nebeker, Asst. U. S. Atty. at the time the brief was filed, were on the brief, for appellee.

Before BAZELON, Chief Judge, and BURGER, and McGOWAN, Circuit Judges.

PER CURIAM:

Appellant was convicted of rape after a second trial for the instant offense.[1] While his principal defense at trial was alibi, he contends on appeal that there was insufficient evidence to corroborate the testimony of prosecutrix as to the corpus delicti, and that the trial court erred in failing to instruct the jury that such evidence was required, although no such instruction was requested by trial counsel.

■ We think there was sufficient circumstantial evidence to corroborate the prosecutrix' testimony, compensating for the lack of clear medical evidence of forcible penetration. The victim's escort, held at knifepoint by appellant's companion, did not see the rape, but heard the prosecutrix scream and later saw her on the ground with her clothing in disarray. Other witnesses at trial testified that her lip was cut and bleeding and that she was upset and crying. The rape was promptly reported to two friends nearby and to the police after the prosecutrix was taken to D.C. General Hospital. These facts add up to enough "circumstances in proof which tend to support the prosecutrix' story * * *." Ewing v. United States, 77 U.S.App.D.C. 14, 17, 135 F.2d 633, 636, cert. denied, 318 U.S. 776, 63 S.Ct. 829, 87 L.Ed. 1145 (1943).

■■ The presence of corroborative evidence sufficient to send the case to the jury is a question of law for the court, but we have held that the jury should be given appropriate instructional guidance for determining whether the standard of corroborative proof has been met. Borum v. United States, 133 U.S.App.D.C. 147, 409 F.2d 433 (Dec. 21, 1967). Here, however, defense coun-

---

1. His first conviction for this rape, occurring on August 6, 1965, was reversed on the ground of prejudicial error in the submission of new evidence to the jury after they had begun their deliberations. Washington v. United States, 126 U.S.App.D.C. 389, 379 F.2d 166 (1967). Appellant was previously convicted for a rape, robbery, and assault with a deadly weapon which took place on August 9, 1965, three days after the present offense. In the trial on that charge, appellant raised an insanity defense which was rejected by the jury. His conviction was affirmed by this court in Washington v. United States, 129 U.S.App.D.C. 29, 390 F.2d 444 (1967). His sentences for the two convictions are to run concurrently.

sel did not request an instruction on the need for corroboration of the corpus delicti, probably because the defense preferred to accent the issue of identification. Since there was adequate corroboration of the prosecutrix' testimony, the trial court's omission of a corroboration instruction on the corpus delicti when none was' requested was not plain error. Rule 52(b) Fed.R.Crim.P.; cf. Franklin v. United States, 117 U.S.App. D.C. 331, 330 F.2d 205 (1964) (corroboration of identification).

 Appellant's counsel on appeal contends that the trial court erred in not granting trial counsel's motion for bifurcation of the trial, so that both an alibi and an insanity defense could be raised. Bifurcation may be granted in the sound discretion of the court when the defense can muster substantial defenses both on the merits and on the question of criminal responsibility which cannot be presented in the same proceeding without confusion or prejudice to either defense. Holmes v. United States, 124 U.S.App.D.C. 152, 363 F.2d 281 (1966). The District Judge at a pretrial motions hearing, noting that appellant appeared to have both a substantial insanity defense [2] as well as an alibi supported by three witnesses, expressed the opinion that this was an appropriate case for bifurcation; and the Government also acknowledged at that time the apparent reasonableness of bifurcation since defense counsel did not request two separate juries. However, the bifurcation motion was reserved for ultimate disposition by the trial judge, who subsequently denied it.

 Appellant, as distinguished from his counsel, does not wish to assign the bifurcation ruling as error, however, and we see no firm basis for concluding that he is not mentally competent to decline to press this claim. Appellant's sentence

for this conviction is to run concurrently with his prison sentence for a prior rape conviction. From his standpoint, if not the public's, there is little now to be gained from a trial of his criminal responsibility with the possibility of indefinite commitment upon an acquittal by reason of insanity. Cf. Henderson v. United States, 123 U.S.App.D.C. 380, 360 F.2d 514 (1966). Accordingly, his conviction is

Affirmed.

---

2. Appellant's insanity defense would have been basically the same as the defense raised at the trial for the rape which occurred three days after the instant of-

fense. See Washington v. United States, 129 U.S.App.D.C. 29, 390 F.2d 444 (1967).