**UNITED STATES of America**

v.

**James TAYLOR, Appellant.**

**No. 73–2275.**

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 27, 1974.

Decided Aug. 4, 1975.

Before BAZELON, Chief Judge, and WRIGHT, McGOWAN, TAMM, LEVENTHAL, ROBINSON, MacKINNON, ROBB and WILKEY, Circuit Judges.

ORDER

Appellee's suggestion for rehearing *en banc* having been transmitted to the full Court and there not being a majority of the Judges in regular active service in favor of having this case reheard *en banc*, it is

Ordered by the Court *en banc* that the aforesaid suggestion for rehearing *en banc* is denied.

Statement of Circuit Judge LEVENTHAL as to Why He Voted to Deny Rehearing *En Banc*:

The most important matter raised by the suggestion for rehearing en banc is the Government's claim that the division has effectively dictated the use of separate jury panels in virtually all future bifurcated trials, and that in doing so it reversed what is a judgment falling within the discretion of the trial judge without any reference to the discretionary power of trial courts.

As I understand the intention of the division, its opinion did not hold that a different jury was required at the first trial. The opinion discusses two matters bearing on the contention that a different jury should have tried the insanity issue, namely the form of verdict sub-

mitted to the jury, and the claim of inconsistency between the two defenses, that of self-defense and that of insanity. These two factors, however, did not lead to a holding that they necessitated a different jury. With the other factors stated in the opinion, they led the division to conclude that the insanity issue should be retried, a conclusion reached in a context of a combination of factors never likely to recur.

In view of the limited nature of the division's ruling, and in view of the difficulty presented by this record, where the prosecutor, on cross-examination of the expert physician, proceeded improperly in his interjection of the mental conditions of great artists, the case is not appropriate for en banc consideration.