**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joe R. RANGEL, Defendant-Appellant.**

**No. 83-1451.**

United States Court of Appeals, Fifth Circuit.

March 8, 1984.

Certiorari Denied June 4, 1984. See 104 S.Ct. 2689.

P. Joseph Brake, Federal Public Defender, San Antonio, Tex., for defendant-appellant.

Sidney Powell, Asst. U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before REAVLEY, GARWOOD and HIGGINBOTHAM, Circuit Judges.

REAVLEY, Circuit Judge:

Appellant Joe R. Rangel was convicted of conspiracy to rob the Government Employees Credit Union (GECU) in violation of 18 U.S.C. § 371. We affirm.

The principal contention is that the prosecution failed to prove that the GECU deposits were, *at the time of the charged offense,* federally insured, in this case by the Administrator of the National Credit Union Administration. 18 U.S.C. § 2113(a), (h). The conviction cannot be upheld unless there was sufficient evidence to establish that the credit union was so insured when the charged criminal acts occurred. This is an essential element of the offense. *United States v. Platenburg,* 657 F.2d 797 (5th Cir. 1981); *United States v. Maner,* 611 F.2d 107 (5th Cir.1980).

The indictment of Rangel charged that GECU deposits were insured by the National Credit Union Administrator during the time of the conspiracy, November of 1981 through January of 1982. At the trial, con-

ducted May 23 and 24, 1983, the court instructed the jury that, in order to convict, the evidence would have to show beyond a reasonable doubt that GECU deposits were so insured. Defense counsel conceded during argument that GECU was federally insured. The only evidence on the issue came at the close of the testimony of an assistant vice president of GECU, Danny Freimarck. After testifying that the robbery occurred on December 31, 1981, he responded as follows:

Q. Okay. Is Government Employee's Credit Union federally insured?

A. Yes, it is.

Q. Who insures it?

A. The National Credit Union Association.

There was no cross examination and no contradiction of the witness.

In *Cook v. United States,* 320 F.2d 258 (5th Cir.1963), the proof of insurance consisted of the affirmative answer by a bank vice president to this question: "Are the deposits which you have there covered by the Federal Deposit Insurance Corporation?" The court took the statement to mean that the bank was then, at the time of the trial, insured, and an inference was allowed that the bank then insured would have been insured at the time of the offense. In *Platenburg,* where the conviction was reversed because the only evidence was a copy of a certificate of insurance dated seven years prior to the alleged offense, it was suggested that the absence of a motion for acquittal in *Cook,* leaving the review to plain error only, made a significant difference. 657 F.2d at 800 n. 3. If that be true, *Cook* would be no dispositive precedent here, because Rangel's attorney moved for acquittal at the end of the government's case and again at the close of the evidence. We do not believe that *Cook* can be disposed of on that basis, however, because proof of federal insurance is an essential

element of the crime, and the want of evidence showing a crime requires reversal as plain error. *Milam v. United States,* 322 F.2d 104, 108 (5th Cir.1963); *see United States v. Fitzpatrick,* 581 F.2d 1221, 1223 (5th Cir.1978).

■ Furthermore, we do not read the testimony of the credit union vice president as necessarily saying only that federal insurance exists at the present moment. Nor do we think the jury need have understood it so narrowly. The only relevant date of insured status was the date of the conspiracy and robbery. The witness had been testifying about that event. It is a reasonable understanding of his testimony that he was saying GECU is a federally insured credit union—at all times.[1] In context, and without any question being raised, the jury could take this evidence and find that the credit union was insured at the time of the conspiracy. *See United States v. Safley,* 408 F.2d 603, 605 (4th Cir.1969).

AFFIRMED.

---

1. At a pretrial hearing, when the prosecutor asked Mr. Freimarck if GECU was federally insured at the time of the robbery, he responded in the present tense:

"Q. And *at the time,* sir, was Government Employees' Credit Union, Las Palmas Branch, the deposits, *were* they insured by the Administrator of the National Credit Union Administration?

A. Yes, they *are.*" (emphasis added)