## UNITED STATES of America,

### v.

### Francisco Martin DURAN, Defendant.

### Crim. No. 94–447 (CRR).

United States District Court,
District of Columbia.

March 10, 1995.

As Corrected May 5, 1995.

Leigh A. Kenny, Asst. Federal Public Defender, Washington, DC, argued the case for the defendant. With her on the briefs was A.J. Kramer, Federal Public Defender, Washington, DC.

Eric Dubelier, Asst. U.S. Atty., Washington, DC, argued the case for the Government. With him on the briefs were Eric H.

Holder, Jr., U.S. Atty. and Brenda J. Johnson, Asst. U.S. Atty., Washington, DC.

## *INTRODUCTION*

CHARLES R. RICHEY, District Judge.

Before the Court are the Defendant's Motion to Bifurcate Trial and the Government's Opposition thereto. The Court held a hearing on said Motion on February 27, 1995. Upon careful consideration of the parties' briefs, the oral argument of counsel, and the entire record herein, the Court finds that the Defendant's Motion to Bifurcate Trial shall be denied.

In his Motion, the Defendant requests that the Court bifurcate the trial such that (1) the jury first decides whether the prosecution has proved beyond a reasonable doubt that he committed the charged offenses; and (2) if the jury finds that he committed any offense, that the jury then decide whether he has proved by clear and convincing evidence that, at the time of the offense, he was unable to appreciate the nature and quality or wrongfulness of his acts because of a severe mental illness or defect. The Defendant further requests that the Court impanel two juries, one to hear the trial on the merits, and the other to hear the insanity defense. In the alternative, the Defendant requests that the single jury selected to hear his case not be instructed on insanity or advised that the Defendant may raise the defense unless and until the jury decides whether the Defendant committed any of the charged offenses. The Court denies both requests.

## *DISCUSSION*

### I. *THE COURT FINDS NO MERIT TO THE DEFENDANT'S ARGUMENT THAT TWO JURIES SHOULD BE IMPANELED IN THIS CASE*

■ As a preliminary matter, the Court finds no support for the Defendant's assertion that two juries should be impaneled in this case. The Defendant argues that he will be "severely prejudiced in appearing before jurors who have just rendered a not guilty verdict, and asking them to change their verdict to not guilty by reason of insanity." Motion at 12.

In response, the Government observes that the Defendant cites no legal authority to support his request for separate juries. The Court must agree. The Defendant relies solely upon *United States v. Taylor,* 510 F.2d 1283, 1289 (D.C.Cir.1975), which, as Judge Leventhal observed in denying a petition for rehearing en banc, "did *not* hold that a different jury was required at the first trial" but, rather, involved a "combination of factors *never likely to recur*" which "led the division to conclude that the insanity issue should be retried." *United States v. Taylor,* 516 F.2d 1243, 1244 (D.C.Cir.1975) (emphasis added). Thus, *Taylor* is limited to its facts and offers little guidance here.

Here, the Court finds that the use of two juries is wholly unnecessary and likely to entail a huge expenditure of resources. For example, while the actual selection of two juries would no doubt require considerable time and expense by the parties and the Court, the evidence presented before both juries would likely overlap, as it would be impossible to leave the second jury to deliberate without any knowledge of what occurred during the trial on the merits. Moreover, two juries could reach inconsistent conclusions on the issue of intent. Accordingly, the Defendant's request for two juries is denied. *See Parman v. United States,* 399 F.2d 559, 563 (D.C.Cir.1968) (no legal right to two juries so no abuse of discretion in denying the same), *cert. denied,* 393 U.S. 858, 89 S.Ct. 109, 21 L.Ed.2d 126 (1968).

### II. *THE COURT FURTHER DECLINES TO BIFURCATE THE TRIAL SUCH THAT THE SINGLE JURY WOULD DECIDE THE MERITS BEFORE HEARING ANY EVIDENCE ON THE DEFENSE OF INSANITY*

■ The seminal question before the Court is thus whether the Defendant has met his burden of showing that bifurcation of the trial is necessary, such that the single jury would first decide the merits without having heard any reference to the insanity defense and, if called for, decide the question of

insanity thereafter. *See Higgins v. United States*, 401 F.2d 396, 398 (D.C.Cir.1968) (burden on the defendant to demonstrate the need for bifurcation).

■ The parties agree that bifurcation is proper only when a defendant shows that he or she has a substantial insanity defense and a substantial defense on the merits and both defenses cannot be presented in the same proceeding without prejudice to either defense. *United States v. Bennett*, 460 F.2d 872, 878 (D.C.Cir.1972); *Washington v. United States*, 419 F.2d 636, 638 (D.C.Cir.1969); *Contee v. United States*, 410 F.2d 249, 250 (D.C.Cir.1969); *Higgins*, 401 F.2d at 398; *Holmes v. United States*, 363 F.2d 281, 283 (D.C.Cir.1966). Under no circumstances, however, is a bifurcated trial constitutionally or statutorily [1] mandated. *See Spencer v. State of Texas*, 385 U.S. 554, 567, 87 S.Ct. 648, 656, 17 L.Ed.2d 606 (1967) ("Two-part jury trials are rare in our jurisprudence; they have never been compelled by this Court as a matter of constitutional law, or even as a matter of federal procedure."); *Noggle v. Marshall*, 706 F.2d 1408, 1416 (D.C.Cir.), *cert. denied*, 464 U.S. 1010, 104 S.Ct. 530, 78 L.Ed.2d 712 (1983); *United States v. Huff*, 409 F.2d 1225, 1228 (5th Cir.), *cert. denied*, 396 U.S. 857, 90 S.Ct. 123, 24 L.Ed.2d 108 (1969); *Garrison v. Patterson*, 405 F.2d 696, 697 (10th Cir.1969), *cert. denied*, 404 U.S. 880, 92 S.Ct. 212, 30 L.Ed.2d 160 (1971); *Murphy v. Florida*, 495 F.2d 553, 557 (5th Cir.1974), *aff'd*, 421 U.S. 794, 95 S.Ct. 2031, 44 L.Ed.2d 589 (1975); *United States ex rel. Garrett v. Anderson*, 391 F.Supp. 174, 179 (D.Del.1975). Rather, the decision to bifurcate lies within the broad discretion of the trial judge.[2] *United States v. Greene*, 489 F.2d 1145, 1156–57 (D.C.Cir. 1973), *cert. denied*, 419 U.S. 977, 95 S.Ct. 239, 42 L.Ed.2d 190 (1974); *Higgins*, 401 F.2d at 398; *Bennett*, 460 F.2d at 872; *Holmes*, 363

F.2d at 283; *Parman*, 399 F.2d at 560. It is in the exercise of its broad discretion that this Court, based on the entire record herein, finds that bifurcation is not warranted in the instant case.

**A.** ***The Court cannot find that the Defendant has demonstrated a substantial defense on the merits and a substantial insanity defense.***

The Court must make a threshold determination as to whether the Defendant has substantial defenses both on the merits and on the issue of insanity, either of which would be prejudiced by simultaneous presentation with the other. In general, the Defendant asserts that he has a substantial defense on the merits of the attempted assassination charge, as the Government must prove specific intent to kill the President. He also asserts that he has a substantial factual defense to the charges that he assaulted the Secret Service agents and to the related firearm charges. Finally, the Defendant contends that he has a substantial insanity defense, which he plans to prove through the testimony of two psychologists and one psychiatrist at trial.

Although the applicable standard for bifurcation is well settled, the case law does not provide a clear definition as to what constitutes a "substantial defense." Courts have repeatedly held, however, that where the defense on the merits is confined to putting the Government to its proof, bifurcation is ordinarily not necessary. *Greene*, 489 F.2d at 1157; *Bennett*, 460 F.2d at 878; *Harried v. United States*, 389 F.2d 281, 284 (D.C.Cir. 1967). Moreover, where the Government's case as to the commission of the charges was particularly strong, the Court of Appeals for this Circuit has rejected a claim that bifurcation was improperly denied. *United States v. Grimes*, 421 F.2d 1119, 1122 (D.C.Cir.1969) (failure to bifurcate not error where the evi-

---

**1.** With 18 U.S.C. § 4242(b), Congress provided that:

> If the issue of insanity is raised by notice as provided in Rule 12.2 ... the jury *shall* be instructed to find ... the defendant—
> (1) guilty;
> (2) not guilty; or
> (3) not guilty by reason of insanity.
> 18 U.S.C. § 4242(b) (emphasis added).

Thus, it appears from the face of the statute that Congress intended that the insanity defense be presented in a unitary trial on the merits.

**2.** Indeed, neither party was able to cite in their briefs a single federal case where a conviction was reversed solely on the issue of the trial court's failure to bifurcate the trial on the merits from the insanity defense. *See* Opposition at 7.

**532**

dence rendered it "irrational to suppose ... that the jury might, absent the insanity defense, have entertained a reasonable doubt" that the defendant committed the crimes charged), *cert. denied,* 398 U.S. 932, 90 S.Ct. 1831, 26 L.Ed.2d 98 (1970). In light of *Grimes,* the Government's representation that it has two video tapes that depict the Defendant firing a semiautomatic assault weapon in the direction of the White House on October 29, 1994 suggests that any defense to the acts depicted in the video tapes cannot be substantial.

As the Government contends, "[c]ommon sense leads to the conclusion that the only defense on the merits to these charges is that the defendant lacked the requisite intent." Opposition at 4.[3] Based on the Defendant's Motion for bifurcation and the oral argument of his counsel, the Court cannot find that his defense on this issue is substantial.[4] Nor can the Court hold that the Defendant presents a substantial insanity defense, as the Government also intends to call at trial two psychologists and one psychiatrist to rebut the testimony presented by the Defendant on this issue.

**B.** *The Court rejects the Defendant's argument that prejudice would result from the simultaneous presentation of both defenses as they both involve the Defendant's state of mind at the time of the crimes charged.*

In any event, a careful reading of the case law reveals that, at bottom, the key issue is whether prejudice would arise from the presentation of the defenses in a unitary proceeding,[5] and the Government is correct in asserting that the cases cited by the Defendant in which bifurcation was granted largely involved unusual factual and legal issues. *See Taylor,* 510 F.2d at 1289 (defendant's claim that he rationally believed it was necessary to shoot the victim in self-defense was

inconsistent with his claim of irrationality in support of his insanity defense); *Greene,* 489 F.2d at 1157 (only one of two co-defendants sought to pursue insanity defense and bifurcation allowed defendant presenting insanity defense to call the co-defendant in the insanity phase of the trial); *United States v. Marble,* 940 F.2d 1543, 1544 (D.C.Cir.1991) (bifurcation granted because defendant's intentions regarding the insanity defense were unclear after he objected to his lawyer's suggestion at the start of the trial that he present an insanity defense). *Cf. United States v. Green,* 463 F.2d 1313 (D.C.Cir.1972) (court's decision to bifurcate insanity phase was challenged on appeal).

Here, the Court agrees with the Government that the sort of prejudice contemplated by prior courts would not arise because requisite criminal intent is inextricably linked to the insanity defense. Both the insanity defense and the question of criminal intent concern the Defendant's state of mind at the time of the crimes charged. In turn, evidence relevant to insanity also goes to the issue of whether the Defendant lacked the capacity to form the requisite intent.

In *Contee,* a case upon which the Defendant relies, the Court of Appeals for this Circuit upheld the trial court's decision to deny bifurcation where the theory of the defense to the charge of murder in the first degree was lack of premeditation. 410 F.2d at 251. Notwithstanding its observation that this defense was a substantial one, particularly in light of the weak evidence proffered by the Government, the Court could not find prejudice where the evidence admitted on the issue of insanity also served to bolster the Defendant's claim on the merits that he lacked the requisite intent. *Id. See also United States v. Patrick,* 494 F.2d 1150, 1152, 1154 n. 2 (D.C.Cir.1974) (bifurcation unnecessary where the theory of the defense

3. At the February 27, 1995 hearing, the parties expressed disagreement as to whether the assault charges require a showing of general or specific criminal intent, a question which the Court need not resolve at this juncture.

4. Moreover, the Defendant's *ex parte* submissions on the theory of the defense do not lead to Court to conclude otherwise.

5. *See United States v. Grimes,* 421 F.2d 1119, 1122 (D.C.Cir.1969) (declining to hold that bifurcation is necessary whenever there is a substantial insanity defense presented).

was that the defendant lacked the requisite intent for first degree murder). Such is necessarily the case here. Indeed, the *Taylor* Court observed that "[o]ne aim of a bifurcated trial is to disassociate as far as possible from the issue of mental responsibility those factual elements of the accused's conduct which are *irrelevant* to that issue." *Taylor,* 510 F.2d at 1289 (emphasis added). Here, mental responsibility is highly relevant to both defenses, and the Court sees no conflict, and thus no prejudice, in the presentation of both in a unitary trial. Rather, "if [the Court] granted bifurcation in this case it would grant a bifurcated trial whenever there's an insanity defense raised." *Lucas v. United States,* 497 A.2d 1070, 1074 n. 5 (D.C. 1985) (internal quotation marks omitted), *cert. denied,* 475 U.S. 1111, 106 S.Ct. 1523, 89 L.Ed.2d 920 (1986). As this clearly could not have been the intent of Congress, the Court declines to exercise its discretion to bifurcate the trial in this case. *See supra* note 1.

Moreover, the Court is unpersuaded by the Defendant's claim that, absent bifurcation, his case will be gravely prejudiced. The Defendant argues that a unitary trial would give rise to four sources of prejudice: (1) impediments to the Defendant's fully disclosing evidence relevant to his mental condition; (2) prejudice to the Defendant from attempting to intermingle an insanity defense with a defense on the merits, where evidence of mental condition might prejudice other defenses; (3) juror confusion inherent when a defendant combines an insanity defense and a plea of not guilty; and (4) potential prejudice if, during the course of a psychiatric evaluation, the accused made statements to an examining psychiatrist suggesting that he committed the charged offenses.

At oral argument, defense counsel focused largely on the first item listed above, namely, that bifurcation would avoid impediments to disclosing evidence relevant to his mental condition. As the Government observed, however, and as recent pleadings further suggest, all of the evidence that defense counsel claims would not be presented in a unitary proceeding for fear of prejudice was actually produced by the Government during discovery and, if the rules of evidence so

permit, could be introduced at trial during the Government's case-in-chief to prove criminal intent. Moreover, without ruling on the issue, the Court finds some merit to the Government's observation that the magazine clippings and other letters written by the Defendant and submitted to the Court under seal to demonstrate the need for bifurcation may not even be relevant to the issue of insanity. Government's Motion *in Limine* for Admission of Defendant's Letter at 8 n. 2. In any event, the Court is not persuaded that a unitary trial would impede the Defendant from disclosing evidence relevant to his mental condition where his defense on the merits also concerns his mental state, and where the Government would seek to introduce at least some of the documents at issue during the merits phase of a bifurcated trial.

Next, as explained above, the Court cannot accept the Defendant's second argument, namely, that prejudice will result from attempting to intermingle an insanity defense with a defense on the merits where both defenses address the Defendant's mental condition at the time of the crimes charged and evidence relating to insanity may also be relevant to criminal intent.

Third, the Court further finds without merit the Defendant's contention that juror confusion is inherent in combining an insanity defense and a plea of not guilty. Indeed, the statute provides that the Court *shall* charge the jury that they may find the defendant guilty, not guilty, or not guilty by reason of insanity. 18 U.S.C. 4242(b). As the Court observed at oral argument, jurors are routinely called upon to balance competing standards of proof in civil discrimination cases and in criminal cases where defendants raise the affirmative defense of entrapment, to name just two examples.

Finally, the Court is confident that the proper use of the Defendant's statements to court-appointed psychiatrists under Rule 12.2(c) of the Federal Rules of Criminal Procedure will avoid the prejudicial situation that arose in *Bennett,* which the Defendant claims could happen in this case. In *Bennett,* the Court found that the defendant was prejudiced by the admission of a confession to a psychiatrist which could be expected to have

an impact on the jury's determination on the merits. *Bennett,* 460 F.2d at 879. The Court further held, however, that there was no abuse of discretion in refusing to bifurcate the trial where the defendant did not present a substantial defense on the merits and where the trial court could not have predicted the prejudicial disclosure of the confession at the outset. *Id.* at 880–81. Here, the Court finds nothing about the Defendant's case which Rule 12.2(c) did not contemplate; indeed, bifurcating the trial on this basis alone would set a precedent for bifurcation of any trial where psychiatric testimony on the issue of insanity is intended.[6]

Finally, the Court observes that Congress codified the law of insanity with the enactment of the Insanity Defense Reform Act of 1984 ("IDRA"), 98 Stat. 2057, as amended, 18 U.S.C. §§ 17, 4241–4247, but did even mention, let alone require, bifurcation. Justice Thomas recently described the history and motivation behind the Act in *Shannon v. United States,* —— U.S. ——, ——, 114 S.Ct. 2419, 2422, 129 L.Ed.2d 459 (1994):

> The acquittal of John Hinckley on all charges stemming from his attempt on President Reagan's life, coupled with the ensuing public focus on the insanity defense, prompted Congress to undertake a comprehensive overhaul of the insanity defense as it operated in the federal courts. The result of the effort was the IDRA. In the IDRA, Congress made insanity an affirmative defense to be proved by the defendant by clear and convincing evidence, and created a special verdict of "not guilty only by reason of insanity." 18 U.S.C. §§ 17 and 4242(b).

Thus, Congress could easily have called for bifurcation had they thought it necessary for a fair trial, but did not. Nor does the legislative history suggest this approach. Accordingly, the Court finds that the Defendant will be given a fair and impartial trial in a unitary proceeding involving both the merits and the issue of insanity.

---

**6.** As to the Defendant's arguments respecting judicial economy, the Court is persuaded that judicial economy counsels equally, if not more strongly, against bifurcation.

## CONCLUSION

Accordingly, the Defendant's Motion to Bifurcate Trial shall be denied. The Court will issue an Order of even date herewith consistent with the foregoing Memorandum Opinion.

## ORDER

Pursuant to the prior representations of the parties contained in the record herein, and without objection, the Court shall place the Memorandum Opinion of even date herewith under seal to protect the Defendant's right to a fair trial and his right to present a defense, in accordance with *Washington Post v. Robinson,* 935 F.2d 282, 289 (D.C.Cir. 1991).

Accordingly, it is, by the Court, this 10th day of March, 1995,

ORDERED that the Court's Memorandum Opinion of even date herewith shall be placed under SEAL until further Order of the Court.