FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 6, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff–Appellee,

v.

ALAN CURTIS TUKES,

     Defendant–Appellant.

No. 11-2019
(D.C. No. 1:09-CR-02985-JEC-1)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

Alan Curtis Tukes appeals his federal conviction for bank robbery, arguing that

the government's evidence was insufficient to prove that the bank was insured by the

Federal Deposit Insurance Corporation ("FDIC") at the time of the crime. Exercising

jurisdiction under 29 U.S.C. § 1291, we affirm.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

**I**

On September 23, 2009, a masked man robbed a Compass Bank in Albuquerque, New Mexico. A teller filled the robber's backpack with money at his request, but slipped an electronic tracking device into the backpack along with the bills. Following the signal from the tracker, the police honed in on a van that Tukes was driving. A search of the van revealed the backpack with the money and the tracking device, as well as clothing that matched the robber's attire.

The government indicted Tukes for bank robbery under 18 U.S.C. § 2113(a), which requires proof that the bank at issue was FDIC insured at the time of the robbery. See United States v. Cooper, 375 F.3d 1041, 1044 (10th Cir. 2004). At the July 2010 trial, a prosecutor asked Barbara O'Neal, the bank's branch manager, the following question: "Now, the Compass Bank, is that a bank that is federally insured by the [FDIC]?" She responded, in the present tense: "Yes, it is." When asked whether the bank "has" any documentation proving its insured status, she replied, again in the present tense: "Yes. We have a certificate." When asked whether the certificate "hangs" in the branch, O'Neal again replied in the affirmative. The district court admitted the certificate, dated November 8, 1993, into evidence. The government offered no additional evidence of the bank's insured status.

At summation, Tukes argued that the government had not proven that the bank was FDIC insured at the time of the robbery. The jury returned a guilty verdict. Tukes now appeals, arguing that the evidence of the bank's insured status on the date of the

2

robbery was insufficient to support his conviction.

**II**

We review a challenge to the sufficiency of the evidence de novo.  United States v. Cooper, 375 F.3d 1041, 1044 (2004).  We may reverse a judgment of conviction only if, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences, no rational juror could have found the elements of the crime beyond a reasonable doubt.  Id.

It is well-established that an FDIC certificate alone is not sufficient to prove that a bank was insured on the date of the robbery.  United States v. Darnell, 828 F.2d 644, 648 (10th Cir. 1985).  Tukes contends that O'Neal's present-tense testimony can prove only that the bank was insured at the time of trial and is thus legally insufficient to prove the bank's insurance at the time of the robbery ten months earlier.

We reject Tukes' argument.  Although it is certainly possible to interpret O'Neal's present-tense statement to mean only that the bank was insured at the time of trial, our sister circuits have held that analogous present-tense testimony can be understood to mean that a bank was insured at the time of the offense.  See United States v. Rangel, 728 F. 2d 675, 676 (5th Cir. 1984); United States v. Safley, 408 F.2d 603, 605 (4th Cir. 1969). We need not solely rely on the present-tense testimony as to insured status, however, because the prosecutor also presented the jury with the 1993 FDIC certificate, which, according to O'Neal, "hangs" in the bank as proof of insurance.  Taken together, this evidence easily supports the inference that the bank's insured status had continued

3

uninterrupted since 1993. Viewing the evidence in the light most favorable to the government, it is clear that a rational juror could have concluded beyond a reasonable doubt that the bank was insured at the time of the robbery.

## III

Accordingly, the judgment of conviction is **AFFIRMED**.

Entered by the Court:

Carlos F. Lucero
United States Circuit Judge

4