**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Clinton RILEY, Jr., and Dennis Hodrick,
Defendants-Appellants.**

**Nos. 20007–20008.**

United States Court of Appeals,
Sixth Circuit.

Dec. 9, 1970.

David A. X Bradley (Court appointed), Cincinnati, Ohio, on brief for appellants.

William W. Milligan, U. S. Atty., Byron E. Trapp, Asst. U. S. Atty., Cincinnati, Ohio, on brief for appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and MILLER, Circuit Judges.

EDWARDS, Circuit Judge.

Appellants are two of three defendants who were indicted for violation of 18 U.S.C. § 2113(d) (1964) for armed robbery of a bank insured by the Federal Deposit Insurance Corporation in Evendale, Ohio, on March 7, 1969. All three of the defendants were convicted after a jury trial in the United States District Court for the Southern District of Ohio, Western Division, and sentenced to 15 years.

On these appeals it is undisputed that the Evendale Branch of the Fifth Third Union Trust Bank of Cincinnati was held up on March 7, 1969, by three men —two of whom escaped in one car, and the third, defendant Jerry Wynn, was captured while seeking to escape in another car. Appellants concede that Wynn was one of the bandits but deny that they were the other two. However, at trial, bank personnel definitely identified both Riley and Hodrick as participants in the robbery. Riley's fingerprint was found on an envelope in Wynn's pocket when he was arrested. When Hodrick's car was searched, a memorandum was found on which was written the license numbers of the two stolen cars which were used in the robbery.

■ Both appellants contend that the District Judge committed reversible error by failing to grant their motion for severance. The indictment in this case, however, charged that the three persons named (including the two appellants) committed one bank robbery on one specific day. Joinder of such charges is specifically authorized by Rule 8 of the Federal Rules of Criminal Procedure. Rule 14 of the Federal Rules of Criminal Procedure, of course, authorizes a motion for severance on a showing of prejudice.

No statements of codefendants were introduced at this trial, nor was there any denial of the right of confrontation. Cf. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

On this record we find no demonstration of prejudice within Rule 14, nor do we find any abuse of discretion on the part of the District Judge who denied the motions for severance. Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954); United States v. Jackson, 409 F.2d 8, 9 (6th Cir. 1969), and cases cited therein; United States v. Carter, 311 F.2d 934, 944 (6th Cir.), cert. denied, Felice v. United States, 373 U.S. 915, 83 S.Ct. 1301, 10 L.Ed.2d 415 (1963).

■ Both appellants also contend that the government failed to make out a prima facie case because it didn't prove the Federal Deposit Insurance Corporation coverage. Actually, the government introduced the Federal Deposit Insurance Corporation certificate, properly identified by an auditor for the bank, as proof of such insurance. We hold that this is an admissible business record and that the evidence was sufficient to establish the insurance for purposes of federal jurisdiction. United States v. Carter, 422 F.2d 519 (6th Cir. 1970); United States v. Skiba, 271 F.2d 644 (7th Cir. 1959).

■ The third issue (claimed as to appellant Hodrick only) concerned a motion to suppress all evidence, including a written memorandum of the numbers of the license plates of the two stolen cars which were used in the bank robbery. This memorandum had been found in a small notebook in Hodrick's automobile when it was searched under a signed consent. Hodrick testified and disputed the consent. But it was given after he voluntarily appeared with his wife at the FBI office the day after the bank robbery, having learned that he was a suspect. And there was ample evidence presented from which the trial judge could have concluded as he did that the consent form was "freely and voluntarily given" under the standards of Bump-

er v. North Carolina, 391 U.S. 543, 548, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968).

Appellant Hodrick also contends that his objection to the in-court identification of him as one of the three robbers should have been sustained because of a pretrial (and preindictment) lineup identification where he was not represented by counsel.

In this case the lineups and the trial were well after the Supreme Court decision in the lineup trilogy, United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

In these three cases the Supreme Court spelled out a requirement of the presence of counsel at a police lineup, absent "exigent circumstances" or "intelligent waiver."

We have read the complete record in this case to ascertain whether or not under the standards of the *Wade, Gilbert, Stovall* trilogy appellants' rights had been abused in the lineup procedures employed. We find that in the first lineup in which defendant Wynn was involved, his attorney was present, that he so stipulated at trial, and presented no *Wade* issue therein. As to the second lineup involving appellants Hodrick and Riley, it is conceded that both signed full waivers of counsel. Riley testified before the District Judge that he understood that he had a right to a lawyer and that as to the waiver, "I signed it on my own."

The District Judge carefully considered appellants' motions to exclude the in-court identification of both of them against the standards of Wade v. United States, *supra,* and concluded:

"Assuming that the test is that the Government has a heavy burden to show that a constitutional right was intelligently and voluntarily waived, I think in this instance that burden has been met by the testimony of the agent and the officers and the forms which have been signed, and particularly the statement of one which acknowledged that he did it voluntarily and he knew what he was doing. So considering that the question before the Court is whether or not any of the in-court identification of these two defendants who were in the March 10 lineup should be excluded, my ruling is that it not be excluded."

In our view, the total evidence contained in this record affords substantial support for the voluntariness finding of the District Judge.

Further, we note that all evidence pertaining to the lineups was elicited by appellants on cross-examination. The record does not contain proofs of any inherent unfairness in the lineup complained of. And the witnesses who identified appellants in court on direct testimony, testified to opportunities for identification of appellants based on observations wholly independent of any lineup. Appellant Hodrick, for example, was identified by Shirley Porter, a clerk-typist at the bank. She testified that she had not been at any lineup. She also testified:

"Q Now, you say that he positively is the man who came behind the work area and took the money from the tellers' drawers?

"A Yes, sir.

"Q No question in your mind that he is the man?

"A I looked right into this man's face when he came through the gate because I was standing almost directly in line with the gate. And I looked in his face very much and I took a picture of his face in my mind * * *."

The judgments of the District Court are affirmed.