**UNITED STATES of America,**
**Appellee,**

v.

**Jimmie Lee WINGARD, Appellant.**

**No. 75–1072.**

United States Court of Appeals,
Fourth Circuit.

Submitted Aug. 11, 1975.

Decided Sept. 2, 1975.
Certiorari Denied Jan. 12, 1976.
See 96 S.Ct. 792.

John E. Gehring, Walnut Cove, N.C. [court-appointed counsel], for appellant.

Keith S. Snyder, U. S. Atty., for appellee.

Before WINTER, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

On November 26, 1974, Jimmie Lee Wingard was convicted by a jury of armed robbery, in violation of 18 U.S.C. § 2113(a), (b), and (d), and sentenced to twenty years' imprisonment. He appeals, asserting that the district court committed reversible error in admitting into evidence a Federal Deposit Insurance Corporation (FDIC) certificate, and in allowing in-court identifications of defendant without prior determination as to whether pretrial photographic arrays were impermissibly suggestive. We see no merit in either contention and affirm without oral argument.

I.

■ Evidence that a bank was insured by the FDIC at the time of robbery is essential to the government's case under 18 U.S.C. § 2113. *Scruggs v. United States,* 450 F.2d 359, 361 (8 Cir. 1971). The FDIC certificate issued to a bank constitutes sufficient proof of its insured status. *United States v. Riley,* 435 F.2d 725 (6 Cir. 1970); *United States v. Skiba,* 271 F.2d 644 (7 Cir. 1959). A properly authenticated copy of a document of any agency of the United States is self introducing. 28 U.S.C. § 1733(b).

■ In the instant case, one Daniel F. Sims, head teller of the bank robbed, was introduced as a government witness to lay a proper foundation for introducing such a certificate into evidence. He stated, on cross-examination, that he had access to all bank documents, but denied having actual custody of bank records. He also stated that the certificate in question had been hanging on the bank wall on the day of the robbery and prior thereto. Counsel for defendant objected at this point to admission of the certificate into evidence on grounds that the rules of evidence require authentication of a document by its custodian. His objection was correctly overruled. Sims's testimony was sufficient to prove the bank's custody of the certificate. Its authenticity was established by the seal of FDIC and the recitals contained therein.

■ We note that for cases tried on and after July 1, 1975, Rule 902 of the Federal Rules of Evidence states that a document bearing a seal purporting to be that of the United States or an agency thereof and a signature purporting to be an attestation or execution is admissible into evidence without extrinsic evidence of its authenticity. Since the Federal Deposit Insurance Corporation is an agency of the United States government, 12 U.S.C. § 181 *et seq.,* certificates bearing its purported seal would be admissible under this rule. While at the time of Wingard's trial, the Federal Rules of Evidence were not yet in effect, the substance thereof had long been followed by federal courts. See Advisory Committee's Note to Rule 902. Accordingly, the district court committed no error in admitting the certificate into evidence without a showing of authenticity. The only necessary prerequisite to its admission was a showing that the certificate proffered was the same one which had been hanging in the bank. Mr. Sims, the head teller, was competent so to testify.

## II.

■ As a second basis for appeal, Wingard argues that the district court erred by failing to investigate pretrial identification procedures. He suggests that such an investigation, out of the jury's presence, is necessary in each case where witnesses who will be asked to make in-court identifications have made pretrial photographic identification of the same individual. In support of this contention, Wingard cites *United States v. Sutherland,* 428 F.2d 1152 (5 Cir. 1970). Despite its unequivocal language in that case, however, the Fifth Circuit has not required investigations in all similar cases. *See,* e. g., *United States v. Stone,* 472 F.2d 909 (5 Cir. 1973). Neither has any other circuit. Moreover, we can find no rationale justifying such an onerous practice. Accordingly, we decline to adopt a *per se* rule requiring investigations into pretrial identification procedures in every instance where witnesses who will be asked to make in-court identifications have previously made ones out of court of the same individual(s).

■ While there may be some circumstances in which a trial court should excuse the jury and conduct an inquiry into the pretrial photographic array, we find that this case was not one of them. Where, as here, defense counsel not only fails to object to either the photographs or the array as impermissibly suggestive, but offers them into evidence, and neither the photos nor the array seem exceptionally suggestive, no burden is upon the trial court to undertake on its own motion, an investigation into the photographic identifications out of the jury's presence, before allowing in-court identifications by the same witnesses. *Cf. United States v. Cranson,* 453 F.2d 123, 125 (4 Cir. 1971), cert. den., 406 U.S. 909, 92 S.Ct. 1607, 31 L.Ed.2d 821.

*Affirmed.*