UNITED STATES of America, Appellee,

v.

Chester Miller FORD, Appellant.

UNITED STATES of America, Appellee,

v.

Riley Anthony EVANS, Appellant.

Nos. 79–5207, 79–5217.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 8, 1981.

Decided Feb. 23, 1981.

Certiorari Denied April 20, 1981.
See 101 S.Ct. 1996.

David P. McCann, Asst. Federal Public Defender, Columbia, S. C. (A. Hoyt Rowell, III, Charleston, S. C., on brief), for appellants.

Lionel S. Lofton, Asst. U. S. Atty., Charleston, S. C. (Thomas E. Lydon, Jr., U. S. Atty., Charleston, S. C., on brief), for appellee.

Before WINTER, RUSSELL and ERVIN, Circuit Judges.

WINTER, Circuit Judge:

Defendants were convicted of violating the federal bank robbery statute. In this appeal, both defendants challenge the jurisdiction of the district court over the prosecution, and Chester Ford argues that there was error in the denial of his motion for severance and mistrial. We affirm.

I.

Defendants were convicted by a jury of the robbery of the West Ashley Branch of the South Carolina Federal Savings and Loan Association in Charleston, South Carolina, in violation of 18 U.S.C. §§ 2113(a), (d) and 2 (1976). Subsection 2113(g) of the statute extends its reach to robberies of both federally chartered savings and loan associations ("any Federal savings and loan association") and state chartered savings and loan associations whose deposits are insured by the federal government ("any 'insured institution' ").

■ Defendants contend that the Government's evidence at trial was inadequate to demonstrate the federal deposit insurance coverage of South Carolina Federal Savings and Loan Association for purposes of conferring jurisdiction on the district court for this prosecution. The Government introduced the Association's Certificate of Insurance from the Federal Savings and Loan Insurance Corporation into evidence, and the West Ashley Branch manager testified that the Association's deposits were insured at the time of the robbery. This evidence satisfied the minimum requirements for establishing federal jurisdiction under the bank robbery statute, see United States v. Wingard, 522 F.2d 796, 797 (4 Cir. 1975), cert. denied, 423 U.S. 1058, 96 S.Ct. 792, 46 L.Ed.2d 648 (1976), particularly in view of the fact that South Carolina Federal Savings and Loan Association is a federally chartered institution. See United States v. Harris, 530 F.2d 576, 578 (4 Cir. 1976).*

---

* Our holding in this case should not be taken to excuse the Government from the requirement of presenting evidence as of the date of the robbery that the institution's federal charter is

## II.

■ At trial, counsel for Riley Evans called the other defendant, Chester Ford, to testify. The district judge immediately sent the jury from the courtroom. When the jury was returned, he pointedly admonished them not to draw any prejudicial inference from Chester Ford's exercise of his constitutional right not to testify. Ford contends that his case was nonetheless prejudiced and that the district court erroneously denied his motion for severance and mistrial. We disagree. The district court's admonition to the jury adequately protected Ford from prejudice, especially in view of the absence of any attempt by counsel for Riley Evans to impute guilt from Ford's failure to testify. *Cf. De Luna v. United States*, 308 F.2d 140 (5 Cir. 1962). Under these circumstances, any inference the jury may have drawn in violation of the instructions from Ford's failure to testify at the request of Evans would be no more adverse than any inference drawn from Ford's failure to testify on his own behalf. *See United States v. Hansen*, 583 F.2d 325, 330–31 (7 Cir.), *cert. denied*, 439 U.S. 912, 99 S.Ct. 283, 58 L.Ed.2d 259 (1978).

AFFIRMED.

in effect in the case of federally chartered banks, savings and loan associations and credit unions or that the institution's federal deposit insurance coverage is current in the case of both federally chartered and state chartered institutions. *See, e. g., United States v. Maner*, 611 F.2d 107, 110–12 (5 Cir. 1980).