785 F.2d 311
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
vs.
DONNIE LOUIS HAIRSTON, Defendant-Appellant.
 85-5656
 United States Court of Appeals, Sixth Circuit.
 1/15/86
 
 BEFORE: LIVELY, Chief Judge; WELLFORD, Circuit Judge; and Porter, District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from the defendant's bank robbery conviction. Defendant was convicted on both counts of a two-count indictment, charging violations of 18 U.S.C. Sec. 2113(a). Defendant was sentenced to twenty years imprisonment for each count, with sentences to run concurrently.
 
 
 2
 The facts show that defendant robbed two banks, one on May 7, 1984, and one on May 8, 1984. Both banks were insured by the Federal Deposit Insurance Corporation (FDIC).
 
 
 3
 At the first bank defendant walked into the bank and handed the teller a note instructing her to place all her tens, twenties and fifties 'on top of counter or else I'll shoot you in the face' (tr. 63). The note was signed 'Bandit.' Id. The teller gave defendant the money as well as a hidden dye bomb, and the dye bomb subsequently exploded (tr. 64-65).
 
 
 4
 At the second robbery defendant handed the teller a similar note, but warned the teller not to give him a bomb or sound an alarm, or he would kill her (tr. 95). As before, the note was signed 'Bandit' (tr. 96).
 
 
 5
 The government later recovered the defendant's jacket, as well as fingerprints left at the scene of both crimes. Defendant was also fingerprinted by the Fort Mitchell Police Department (tr. 152).
 
 
 6
 At trial, in addition to other evidence bearing on the guilt of the defendant, the government submitted into evidence defendant's jacket containing the dye-bomb stain. Also, the government produced enlarged reproductions of defendant's fingerprints, and it presented expert testimony that the fingerprints found at the scene of the crime belonged to the defendant (tr. 81-93).
 
 
 7
 On this appeal defendant raises five claims of error. We find that each claim is without merit and therefore affirm the verdict entered by the district court. Each claim is discussed in turn below.
 
 I.
 
 8
 First, defendant claims the trial court improperly admitted into evidence defendant's dye-stained coat. He argues that the government failed to establish an adequate chain of custody that the coat found in defendant's car was indeed the coat used in the robbery. We are satisfied that the trial judge did not abuse his discretion in permitting submission of the jacket. There was adequate proof of chain of custody. The jacket was found in defendant's car, the jacket contained a red stain over the pocket where the dye bomb exploded, the teller testified that the jacket admitted 'looks like what I thought the jacket looked like' (tr. 68), and pictures taken during the robbery confirmed the teller's testimony.
 
 
 9
 Defendant argues that the judge should not have permitted admission of the jacket in the absence of chain of custody evidence, and in the absence of testimony regarding the condition of the coat at the time of seizure. We find no merit in defendant's argument. This Court has held that chain of custody need not be proven to an absolute certainty. United States v. McFadden, 458 F.2d 440, 441 (6th Cir. 1972). We are satisfied that sufficient evidence was produced at trial for a reasonable jury to conclude that the jacket found in defendant's car was the jacket worn during the robbery, see Fed. R. Evid. 90(a), and that the district court did not abuse its discretion in admitting the jacket into evidence.
 
 
 10
 Defendant's second claim is that the district court improperly admitted into evidence enlarged photographs of defendant's fingerprints. Defendant complains that there should have been required a basic foundation of authenticity as to the enlargements and originals. We agree with the government that the expert's discussion of the original and enlarged fingerprints clearly authenticates the enlargements (tr. 194-201). The government's expert had 30 years' experience (tr. 194) and testified in great detail concerning the source of the prints, as well as the points of identity between the defendant's prints and the prints left at the scene of the crime (tr. 196-2011). The district court did not abuse its discretion in admitting the enlarged blow-ups of the defendant's fingerprints.
 
 
 11
 Defendant next claims surprise from the introduction of fingerprints in addition to those about which he was already aware. We agree with the government that defendant was aware that his fingerprints had been found in both banks, and that his fingerprints had been taken May 14, 1984 by Officer Delaney (tr. 152). He was aware that the government would present at least five witnesses who would testify about fingerprints, and he was well-prepared in cross-examination (tr. 185). For the foregoing reasons, we find that there was no surprise and therefore no prejudice to the defendant resulting from the admission of the fingerprints.
 
 
 12
 Defendant's fourth claim is that the trial court abused its discretion in rereading portions of the direct testimony and omitted cross-examination testimony favorable to the defendant. 'It is within the judge's discretion to re-read testimony for a deliberating jury. Indeed, the cases in this area generally challenge the judge's decision not to have the testimony re-read to the jury.' United States v. Licavoli, 725 F.2d 1040 (6th Cir. 1984) (citations omitted). The defendant's fourth claim is therefore without merit.
 
 
 13
 Finally, defendant claims that the trial court erred in not granting his motion for a directed verdict of acquittal on the ground that there was insufficient proof that the banks in question were FDIC insured on the date of the robbery.
 
 
 14
 It is true that the government must prove as one element of its case that the victim banks were insured on the date of robbery. United States v. Rowan, 518 F.2d 685 (6th Cir. 975). The defendant appears to object that the government witnesses were never asked the point blank question of whether the two banks were in fact insured on May 7, and May 8, 1984.
 
 
 15
 The Sixth Circuit has required only minimal evidence to support a jury's conclusion that a bank was federally insured. All evidence presented on the issue is to be construed in a light most favorable to the government. United States v. Rowan, supra; United States v. Riley, 435 F.2d 725 (6th Cir. 1970); United States v. Wood, No. 85-1079 (6th Cir. Jan. 6, 1986).
 
 
 16
 In the instant case, the banks robbed were two branches of the First National Bank of Louisville, Kentucky. The government presented the testimony of an employee of the first bank robbed that the bank is a federally insured institution (tr. 46), presented a certificate of insurance covering the first bank, as well as a cancelled check showing payment to the FDIC. Id. The manager of the second bank produced a certificate from the FDIC showing that his branch was federally insured as well (tr. 90).
 
 
 17
 The district court found that the government had met its burden of proving insured status with 'abundant evidence' (tr. 208), and so do we. We therefore deny defendant's fifth claim of error.
 
 
 18
 Accordingly, for all the foregoing reasons, the verdict entered by the district court is hereby affirmed.
 
 
 
 *
 The Honorable David S. Porter, Senior Judge, United States District Court for the Southern District of Ohio, sitting by designation