875 F.2d 862
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darrell Allen BURCH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-6214.
 United States Court of Appeals, Sixth Circuit.
 May 25, 1989.
 
 Before MERRITT and DAVID A. NELSON, Circuit Judges and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Darrell Allen Burch, a pro se federal prisoner, appeals the district court's order denying his motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following his indictment for armed bank robbery pursuant to 18 U.S.C. Secs. 2113(a) and (d), Burch pled guilty to the charges. The indictment addressed all of the essential elements of the named offense and specifically averred that the deposits of the bank were insured by the Federal Deposit Insurance Corporation (FDIC) at the time of the robbery. At the plea hearing, Burch was extensively questioned by the trial court judge concerning: (1) his knowledge and awareness of (a) the elements of the crime and (b) the consequences of his guilty plea; (2) the voluntariness of his plea; and (3) the factual basis for his plea. Burch subsequently was sentenced to 20 years imprisonment. Burch did not appeal his conviction.
 
 
 3
 Nearly six years later, Burch filed a motion with the district court to vacate his sentence pursuant to 28 U.S.C. Sec. 2255. Burch contended that the government failed to establish the FDIC insured status of the bank named in the indictment and since FDIC insured status forms the basis for federal jurisdiction, the district court lacked subject matter jurisdiction over his case. The district court referred the matter to a magistrate, who recommended that Burch's motion to vacate be denied. Burch filed a timely objection to the magistrate's report which raised the same issues as were raised in the motion to vacate and also challenged the sufficiency of the indictment. Upon review of the files and records, the district court adopted the magistrate's report and denied the motion to vacate on the grounds that: (1) since the indictment alleged an offense against federal law, the district court had exclusive jurisdiction and (2) Burch's guilty plea obviated the government's burden to establish the FDIC insured status of the bank, since the guilty plea admitted every element of the offense. On appeal, Burch has raised the same issues in his objections to the magistrate's report and he has filed a motion for in forma pauperis status.
 
 
 4
 Upon review, we affirm the district court's judgment of dismissal.
 
 
 5
 Although evidence that a bank is insured by the FDIC at the time of the robbery is essential to the government's case under 18 U.S.C. Sec. 2113, United States v. Wingard, 522 F.2d 796, 797 (4th Cir.1975) (per curiam), cert. denied, 423 U.S. 1058 (1978); United States v. Glidden, 688 F.2d 58, 59 (8th Cir.1982) (per curiam), a guilty plea, where there is no assertion that the plea was involuntary or made with a lack of understanding of the nature of the charges or consequences of the plea, admits all averments of fact in the indictment, cures all non-jurisdictional defects, waives all defenses, and relieves the prosecution from the duty of proving any facts. Tollett v. Henderson, 411 U.S. 258, 260-67 (1973); United States v. Davis, 452 F.2d 577, 578 (9th Cir.1981) (per curiam). Furthermore, a guilty plea admits even those factual allegations in the indictment that form the predicate for federal jurisdiction. United States v. Matthews, 833 F.2d 161, 164 (9th Cir.1987).
 
 
 6
 Furthermore, the indictment in this instance is not jurisdictionally defective. It addresses every element of the named offense and expressly states that the deposits of the named bank were insured by the FDIC at the time of the robbery. An indictment which alleges that the defendant robbed a bank the deposits of which were insured by the Federal Deposit Insurance Corporation is sufficient to establish federal jurisdiction. Wheeler v. United States, 317 F.2d 615, 617 (8th Cir.1963).
 
 
 7
 Accordingly, the motion to proceed in in forma pauperis status is hereby granted and the order of the district court is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.