977 F.2d 574
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
David Wilbert SHANTON, Sr., Defendant-Appellant.
 No. 91-5703.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 25, 1992
Decided: October 2, 1992
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert R. Merhige, Jr., Senior District Judge. (CR-89-250)
 David P. Greenberg, Greenbert & Scales, Martinsburg, West Virginia, for Appellant.
 William A. Kolibash, United States Attorney, Sherry L. Muncy, Assistant United States Attorney, Elkins, West Virginia, for Appellee.
 N.D.W.Va.
 Affirmed.
 Before WIDENER, NIEMEYER, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 David W. Shanton, Sr., appeals his jury conviction for armed bank robbery in violation of 18 U.S.C. § 2113(a), (d) (1988). Shanton raises as issues the district court's denials of his motions to suppress evidence and in-court identification, the prosecution's peremptory challenge against the sole black jury member, and the government's proof that the bank was federally insured. We affirm.
 
 
 2
 Shanton was indicted after two black males, wearing gloves and women's stockings to cover their faces, robbed the Shenandoah Federal Savings and Loan in Martinsburg, West Virginia, at gunpoint. One of the robbers vaulted the teller's counter and left a shoeprint which, among other things, eventually led the authorities to execute a search warrant at Shanton's residence. Shanton was convicted after his first trial, but the district court later granted Shanton a mistrial because a juror who misled the court about knowing Shanton had participated in jury deliberations. Shanton appeals from his conviction after retrial.
 
 
 3
 Shanton argues first that the FBI affidavit used to secure a search warrant from a state judge was insufficient to establish probable cause. A judicial officer's determination of probable cause is granted deference on appellate review and is reviewed in light of the totality of the circumstances known to the judge at the time he issued the warrant. See Illinois v. Gates, 462 U.S. 213, 238 (1983); United States v. Blackwood, 913 F.2d 139, 142 (4th Cir. 1990). A reviewing court ensures that the issuing official had a substantial basis for finding probable cause. Gates, 462 U.S. at 238.
 
 
 4
 Though Shanton argues that the affidavit made the type of sneakers Shanton wore appear rarer than they actually were in the Martinsburg area, we believe the affidavit in toto provided probable cause to search Shanton's residence. The affidavit stated that the FBI agent noticed Shanton was wearing white high-top "FILA" sneakers, the same type worn by one of the robbers, when Shanton appeared at the police department several weeks after the robbery. An investigation also revealed that Shanton was leasing an apartment and renting a car and, most probably, was not employed. In fact, Shanton had been living in Martinsburg for only three months before the robbery, after completing prison terms in West Virginia and Maryland. The magistrate was furnished Shanton's criminal record, which included two armed robbery convictions.
 
 
 5
 Even if the state judge erred in finding that probable cause existed, we agree with the district court that the "good faith" exception to the exclusionary rule would apply. Shanton has not persuasively argued that any of the exceptions to this rule exist in this case. See United States v. Leon, 468 U.S. 897, 923 (1984).
 
 
 6
 Shanton next claims that the identification testimony of a bank vice-president violated his due process rights. A pretrial photo identification will be set aside only if the procedure was so suggestive that it raises a substantial likelihood of misidentification. Simmons v. United States, 390 U.S. 377, 384 (1968). Shanton argues that the first photo display which the official viewed should have been turned over to him. The district court found that this display was not arranged by the government. We cannot find that this determination was erroneous. Therefore, the government's failure to produce the array did not violate Shanton's rights. Even if we were to assume that the government failed to retain these photographs, no bad faith on the government's part was shown and, therefore, no due process violation occurred. See Arizona v. Youngblood, 488 U.S. 51 (1988); Kordenbrock v. Scroggy, 919 F.2d 1091, 1103 (6th Cir. 1990) (en banc), cert. denied, 59 U.S.L.W. 3702 (U.S. 1991). Finally, we find that the testimony of Ms. Laign, the bank official, during the first trial shows that there was not a very substantial likelihood of irreparable misidentification as a result of this photo display. Regarding the incourt identification of Shanton, a review of the record convinces us there was sufficient evidence to show this official's testimony and her identification of Shanton were reliable.
 
 
 7
 Shanton also argues that the government's use of a peremptory challenge to strike the lone black juror on the venire violated the Equal Protection Clause. Batson v. Kentucky, 476 U.S. 79 (1986). The government offered a plausible non-racial justification (the black juror knew Shanton and the first trial had ended in a mistrial because one of the jurors knew Shanton) and the district judge found there was no discrimination. Such a finding is reviewed under the clearly erroneous standard. United States v. Mitchell, 877 F.2d 294, 303 (4th Cir. 1989). We cannot say the district judge's finding was clearly erroneous.
 
 
 8
 Shanton also argues on appeal that the district court should have granted his motion for acquittal because the government did not provide sufficient evidence to prove that the Shenandoah bank was federally insured. Shanton's argument is without merit. The government presented sufficient evidence. See United States v. Ford, 642 F.2d 77, 78 (4th Cir.), cert. denied, 451 U.S. 917 (1981); United States v. Wingard, 522 F.2d 796, 797 (4th Cir. 1975), cert. denied, 423 U.S. 1058 (1976).
 
 
 9
 Shanton's conviction is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED