**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 98-4024

MICHAEL ROYSTER,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, Sr., District Judge.
(CR-97-159)

Submitted: December 30, 1998

Decided: January 20, 1999

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro,
North Carolina, for Appellant. Walter C. Holton, Jr., United States
Attorney, Robert M. Hamilton, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Michael Royster appeals his conviction after a jury trial for bank robbery in violation of 18 U.S.C. § 2113(a) (1994). On appeal, Royster argues that the Government did not provide sufficient evidence that the bank in question was federally insured and that Royster was properly identified as the person who robbed the bank. Finding no error, we affirm.

The Government charged Royster with robbing the Wachovia Bank on Angier Avenue in Durham, North Carolina, on May 16, 1997. The robber approached a teller and told her that he had a problem, needed $2000 in cash, and that he had a gun. The Government presented several witnesses placing Royster at the scene of the crime.

In a prosecution for bank robbery in violation of 18 U.S.C. § 2113(a), the government must prove that the bank from which the defendant stole money was a bank as defined by 18 U.S.C. § 2113(f) (1994). See United States v. Wingard, 522 F.2d 796, 797 (4th Cir. 1975). A bank defined by § 2113 includes any bank insured by the FDIC. See 18 U.S.C. § 2113(f).

During the testimony of Angela Sutton, the teller who was confronted and robbed by Royster, the prosecutor asked her, "is the bank where you worked at, Wachovia Branch at Angier, is that federally insured?" (J.A. 13). The transcript does not reflect Sutton's answer to the question. The response is noted as "(Indiscernible)." (J.A. 14).[1] The direct examination continued without further mention of the bank's insured status and it was also not discussed during Sutton's cross-examination.[2] Royster argues that because Sutton's answer was

_____

[1] The trial court reporter died prior to preparation of the transcript.
[2] Royster did not rely upon the alleged lack of jurisdiction due to insufficient evidence regarding the federally insured status of the bank when making his Fed. R. Crim. P. 29 motion. Neither did he object to the Government's assertion during closing argument that he would not contest that the bank was federally insured. Royster made no mention that the bank may not have been federally insured.

2

indiscernible, the jury could not have known if Wachovia was federally insured at all, particularly at the time of the robbery.

This court reviews sufficiency of the evidence deferentially, sustaining the verdict if the evidence, viewed in the light most favorable to the government, is such that a rational trier of fact could find guilt beyond a reasonable doubt. See Glasser v. United States, 315 U.S. 60, 80 (1942); see also United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc), cert. denied, 117 S.Ct. 1087 (1997).

The Government filed an affidavit from Sutton stating that during the trial she responded that the bank was federally insured. The Government moved this court to supplement the record to reflect that the transcript should state that Sutton's answer to whether bank was federally insured was "Yes." This court deferred acting upon the motion until an identical motion filed with the district court was decided, finding that the trial judge was in the best position to determine what the record should accurately reflect. The district court granted the motion and corrected the record to reflect Sutton's affirmative response. This court then mooted the pending motion to supplement the record because the district court corrected the record.

The only remaining jurisdiction issue that Royster raises is whether Sutton's response proves that the bank was insured at the time of the robbery and not just at the time of trial. This court has found that when a bank employee testifies to the bank's federally insured status in the present tense, the evidence must be viewed in context to determine if it may be understood that the bank was also insured at the time of the robbery. See United States v. Safley , 408 F.2d 603, 605 (4th Cir. 1969). We find that Sutton's answer in the corrected record, viewed in context, is such that the jury could find that the bank was federally insured at the time of the robbery.

Royster's final issue on appeal is that the Government failed to introduce sufficient evidence to sustain the jury's verdict because the eyewitness identifications, particularly the identification by Sutton, conflicted with each other. The Government presented the testimony of eyewitnesses at and near the robbery as well as two of Royster's former employers regarding identification of Royster as the person who robbed the bank. The FBI questioned Sutton the week after the

3

robbery and showed her a photographic line-up. Sutton testified that she identified photograph number three as that of the robber, but that she was not certain. The photograph was not of Royster. Royster also contends that his two former employers and his sister who were shown photographs from the bank surveillance video stated that the photographs looked like Royster, but did not state that they were of Royster. Because these witnesses were unable to specifically identify Royster from the photographs shown to them, Royster argues that there was insufficient evidence to find that he was the person who robbed the bank.

The Government presented eyewitnesses who identified Royster as being in the vicinity of the robbery and established a consistent chain connecting Royster to the robbery. Junior Thompson, the unwitting getaway driver, testified. Thompson provided rides to people in his neighborhood without transportation. He testified that he had provided rides to Royster on several occasions. On the day of the robbery, Royster requested a ride. Thompson saw Royster get out of his truck and walk in the direction of Angier Avenue, where he was seen by Kathy Rice, a bystander. Rice testified that she watched Royster go around the corner toward the bank. She observed him wearing the same clothing, sunglasses, and hat later observed by bank employees. A bank employee, Jackie Roberts, testified that after the robbery she observed Royster running up Angier Avenue in the direction of Driver Street and a furniture store. After Royster turned the street corner he was again observed by Rice. Rice testified that Royster wore different clothing and carried something while he hurried along the street. She also stated that he looked over both shoulders in a furtive manner. She saw Royster put something in the truck bed, enter the vehicle, and be driven away. Thompson also testified that before Royster re-entered his truck, he was carrying something. We find that this is sufficient evidence for the jury to find that Royster committed the crime.

Accordingly, we affirm Royster's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4