**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 24-4514**

———————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

PAUL GORDON DAY,

    Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:23-cr-00013-MR-WCM-1)

———————

Submitted:  June 27, 2025        Decided:  July 24, 2025

———————

Before GREGORY, HEYTENS, and BENJAMIN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  William D. Auman, AUMAN LAW OFFICES, Asheville, North Carolina, for Appellant.  Russ Ferguson, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul Gordon Day was convicted following a jury trial of bank robbery by force or violence, in violation of 18 U.S.C. § 2113(a), (d), and brandishing a firearm in furtherance of a crime of violence (bank robbery), in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The district court sentenced Day to a total term of 147 months' imprisonment. On appeal, Day argues that the evidence was insufficient to prove that the bank was insured by the Federal Deposit Insurance Corporation (FDIC) at the time of the robbery, and therefore the district court erred by denying his motion for judgment of acquittal. He also contends that the district court abused its discretion by denying his post-trial motion for a competency evaluation, and he suggests that the district court should have ordered an evaluation sua sponte. For the following reasons, we affirm.

We review de novo the denial of a Fed. R. Crim. P. 29 motion for a judgment of acquittal. *United States v. Robinson*, 55 F.4th 390, 401 (4th Cir. 2022). "We will uphold the jury's verdict if, viewing the evidence in the light most favorable to the government, the verdict is supported by substantial evidence." *Id.* (internal quotation marks omitted). "Substantial evidence is that which a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted). "The jury, not the reviewing court, weighs credibility and resolves conflicts in the evidence; and if the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe." *United States v. Wysinger*, 64 F.4th 207, 211 (4th Cir. 2023) (internal quotation marks omitted). A defendant challenging the sufficiency of the evidence to support his convictions faces "a

2

heavy burden, and reversal is warranted only where the prosecution's failure is clear." *Id.* (internal quotation marks omitted).

To obtain a conviction for bank robbery by force or violence, the Government must show:

> (1) the defendant took, or attempted to take, money belonging to, or in the custody, care, or possession of, a bank, credit union, or saving and loan association; (2) the money was taken by force and violence, or by intimidation; (3) the deposits of the institution were federally insured; and (4) in committing or attempting to commit the offense, the defendant assaulted any person, or put in jeopardy the life of any person, by the use of a dangerous weapon or device.

*United States v. McNeal*, 818 F.3d 141, 152 (4th Cir. 2016) (internal quotation marks omitted). On appeal, Day challenges only the sufficiency of the evidence as to the third element—that is, whether the victim bank was federally insured. An "FDIC certificate issued to a bank constitutes sufficient proof of its insured status." *United States v. Wingard*, 522 F.2d 796, 797 (4th Cir. 1975). Additionally, a bank employee's testimony of a bank's FDIC insured status can serve as evidence from which a "jury could draw the reasonable inference that the bank was insured at the time of the robbery." *United States v. Safley*, 408 F.2d 603, 605 (4th Cir. 1969).

Based on these principles, we discern no reversible error in the district court's denial of Day's Rule 29 motion. The FDIC certificate admitted into evidence at trial without objection certified that the deposits to the victim bank were continuously insured by the FDIC through December 11, 2023. Additionally, two bank employees provided testimony related to the bank's FDIC insured status. Together, this evidence provided a sufficient

3

basis from which the jury could draw a reasonable inference that the bank was insured by the FDIC at the time of the charged conduct, which occurred in November 2022.

We next turn to the competency issue. We typically review a district court's decision to order a competency evaluation for abuse of discretion. *See United States v. Council*, 77 F.4th 240, 246 (4th Cir. 2023). However, a district court's failure to sua sponte order a competency evaluation is reviewed for plain error. *United States v. Ziegler*, 1 F.4th 219, 228 (4th Cir. 2021). "At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant," the district court must order a competency hearing sua sponte "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Whether reasonable cause exists to hold a § 4241 hearing "is a question left to the sound discretion of the district court." *United States v. Bernard*, 708 F.3d 583, 592 (4th Cir. 2013).

"Reasonable cause may be established through evidence of irrational behavior, the defendant's demeanor at trial, and medical opinions concerning the defendant's competence." *Id.* at 592-93 (internal quotation marks omitted). Notably, the fact that an individual expresses questionable beliefs about the law, makes frivolous or nonsensical legal arguments, or has some degree of mental illness does not mean that he lacks competence. *See id.* at 593. Rather, competency turns on whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational

4

understanding—and [whether] he has a rational as well as factual understanding of the proceedings against him." *United States v. Roof*, 10 F.4th 314, 341 (4th Cir. 2021) (internal quotation marks omitted). "[B]ecause district courts are in the best position to make competency determinations, which at bottom rely not only on a defendant's behavioral history and relevant medical opinions, but also on the district court's first-hand interactions with, and observations of, the defendant and the attorneys at bar, we appropriately afford them wide latitude." *Id.* at 341 n.8 (internal quotation marks omitted).

Based on these principles, we discern no abuse of discretion in the district court's denial of Day's post-trial motion for a competency evaluation or plain error in the court's failure to order an evaluation at any other point in the proceedings below. Indeed, the record contains little evidence that Day suffered from a mental disease or defect that rendered him unable to understand the nature and consequences of the proceedings against him. Rather, Day repeatedly confirmed that he understood the proceedings, presented and maintained a cogent trial strategy, asked clarifying questions as needed, and otherwise communicated coherently with the district court.

Accordingly, we affirm Day's criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*